IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBIN RAINA,<br><br>　　　Plaintiff,<br><br>v.<br><br>EBIX, INC.,<br><br>　　　Defendant. | CIVIL ACTION<br>FILE NO. _____ |

**MOTION FOR A TEMPORARY RESTRAINING ORDER WITH
INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and 15 U.S.C. § 6851(b)(3)(A) (the **"Intimate Images Law"**), Plaintiff Robin Raina seeks immediate injunctive relief to prevent Defendant Ebix, Inc. ("Ebix") through its manager, Vikas Garg, from following through on its recent threat to publish intimate visual depictions of Mr. Raina and his wife without their consent. Because the Intimate Images Law expressly authorizes injunctive relief in circumstance like this, *see* 15 U.S.C. § 6851(b)(3)(A)(ii), and the circumstances amply warrant injunctive relief under the general principles of equity, a temporary restraining order is warranted.

## I. FACTUAL BACKGROUND

Mr. Raina served successfully for years as the Chief Executive Officer of Defendant Ebix, which has its principal place of business in Alpharetta, Georgia. (*See* Exhibit A hereto). Recently, an employment dispute arose between Mr. Raina and Ebix, which resulted in Mr. Raina filing suit against Ebix in Fulton County Superior Court for breach of his employment contract with the company and also alleging a claim for defamation (the **"State Court Action"**). (*See* Exhibit A, hereto (Complaint in State Court Action); *see also* Exhibit B hereto (9/4/2025 Declaration of Robin Raina (**"Raina Decl."**)), ¶ 6).

Ebix is currently controlled by Mr. Vikas Garg, (*see* Raina Decl., ¶ 6), who is pitted against Mr. Raina in various disputes and lawsuits around the world. (*Id.*, ¶¶ 7-8).

Desperate to resolve these disputes, including the State Court Action, Mr. Garg arranged to speak by telephone with Mr. Raina late on the night of September 1/September 2, 2025. (*Id.*, ¶ 5). In order to get Mr. Raina to take the call, Mr. Garg had an Ebix employee, Rajesh Puri, call Mr. Raina and then hand to phone over to Mr. Garg to talk. (*Id.*).

During the call, Mr. Garg referred to a certain "hard drive," which contains explicit, private images of Mr. Raina and his wife, and which Mr. Garg had improperly obtained. (*Id.*, ¶ 8).[1] Mr. Garg made it clear that, unless Mr. Raina backs off and does not press anything against him (including the State Court Action and their other disputes), he would not hesitate to use the hard drive to hurt Mr. Raina's interests— *i.e.*, to publish the private images without Mr. Raina's consent. (*Id.*, ¶¶ 8-9).d

Mr. Garg's threat (and the disclosures that he has already, presumably, made) have caused severe harm and distress to Mr. Raina and his wife. Any further disclosures would gravely exacerbate that harm.

---

[1] In September of 2024, a property where Mr. Raina stayed in India while working in that country was invaded by armed men. (Raina Decl., ¶ 3). As a result of that invasion, Mr. Raina lost all of his possessions that were stored in the house, including the hard drive. (*Id.*). Mr. Garg was behind the home invasion which resulted in Mr. Garg gaining wrongful control of the hard drive. (*Id.*, ¶¶ 4, 8).

3

## II. ARGUMENT

### A. Injunctive Relief Is Warranted Under the Intimate Images Law Authorizes.

The threat directed at Mr. Raina and his wife by Ebix—through Messrs. Garg and Puri—warrants injunctive relief under 15 U.S.C. § 6851(b)(3)(A)(ii). That subsection provides that, in a civil action to enforce the Intimate Images Law,

> the court may, in addition to any other relief available at law, order equitable relief, including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction.

On this basis alone. Mr. Raina is entitled to emergency injunctive relief to prevent further unauthorized disclosure of the intimate images and to compel the return of all digital data belonging to Mr. Raina.

### B. Mr. Raina Is Also Entitled to Immediate Injunctive Relief Under General Equitable Principles.

Additionally, and independently, the standard equitable rules warrant emergency injunctive relief. *See* Fed. R. Civ. P. 65. Those rules authorize a TRO or preliminary injunction when the movant shows substantial likelihood of success on the merits, a substantial threat of

irreparable injury that outweighs any damage to the opposing party, and that the injunction would not be adverse to the public interest.

> The standard for obtaining a TRO is identical to that of obtaining a preliminary injunction. . . . To obtain a TRO or preliminary injunction, the moving party must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury to the movant outweighs the damage to the opposing party; and (4) granting the injunction would not be adverse to the public interest.

*Doe 1 v. Bondi*, 780 F. Supp. 3d 1277, 1283 (N.D. Ga. 2025) (citations omitted). The current situation satisfies each requirement.

**First**, Mr. Raina's Declaration demonstrates a strong likelihood of success on the merits of his claim. It establishes that Ebix, through Mr. Garg and Mr. Puri, has threatened to disclose intimate images without consent.

**Second**, publication of Mr. Raina's intimate images on the internet constitutes quintessential irreparable harm. *See, e.g.*, *Diaz v. Hernandez*, 24-81151-CIV, 2024 WL 5341743, at *3 (S.D. Fla. Oct. 29, 2024) ("As supported by Plaintiff's testimony and the record as a whole, the sexually explicit video severely injures Plaintiff's right to privacy.").

**Third**, the balance of equities falls in Mr. Raina's favor, as Ebix has zero legitimate interest in publishing Mr. Raina's private material. Mr. Raina's privacy rights exceed Ebix's non-existent right to try to extort a settlement of the State Court Action by threatening to publish the images.

**Fourth,** a Temporary Restraining Order Would Further The Public Interest by preventing a blatant, disgusting attempt at extortion. *See, e.g.*, 18 U.S.C. § 1512.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Robin Raina respectfully requests that this Court issue a Temporary Restraining Order enjoining Defendant Ebix, including its officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from:

a. Disclosing any intimate visual depictions of Mr. Raina and his wife obtained from Mr. Raina's hard drive; and

b. Retaining any of Mr. Raina's drives, computers, or digital data in their possession.

Plaintiff further requests that the Court schedule a hearing for a preliminary injunction at the earliest possible date, and Plaintiff

6

requests that the Court grant him all other, additional relief that it deems just and proper.

Respectfully submitted, September 5, 2025.

/*s*/ **Lucas W. Andrews**
Samantha R. Mandell
Georgia Bar No. 141689
Samantha.mandell@stantonlawllc.com

Lucas W. Andrews
Georgia Bar No. 019533
Luke.andrews@stantonlawllc.com

Ashley Futrell Hinkson
Georgia Bar No. 660089
ashley.hinkson@stantonlawllc.com

***Attorneys for Plaintiff***

STANTON LAW, LLC
410 Plasters Avenue
Suite 200
Atlanta, Georgia 30324
Tel.  (404) 881-1288

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

I, Lucas W. Andrews, hereby certify that on September 5, 2025, I electronically filed the foregoing MOTION with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all counsel of record. In addition, I caused a copy to be sent as a pdf attachment to Ebix, Inc.'s counsel in the above-referenced State Court Action, specifically, the following:

>John Hunt
>Georgia Bar No. 378530
>Jordan Fishman
>Georgia Bar No. 180796
>Stokes Wagner, ALC
>One Atlantic Center, Suite 2615
>1201 W. Peachtree Street, NW
>Atlanta, GA 30309
>Telephone: 404-766-0076
>jhunt@stokeswagner.com
>jfishman@stokeswagner.com
>
>Joshua F. Alloy
>Arnold & Porter Kaye Scholer, LLP
>601 Massachusetts Ave., NW
>Washington, D.C. 20001
>Telephone: (202) 942-5895
>Joshua.Alloy@arnoldporter.com

I further certify that this Notice complies with the page, font, and point-size requirements of Local Rule 5.1.

This day, September 5, 2025.

/s/ *Lucas W. Andrews*
LUCAS W. ANDREWS
Georgia Bar No. 019533
Attorney for Defendant

Address:

STANTON LAW LLC
410 Plasters Avenue NE
Suite 200
Atlanta, Georgia 30324
Telephone: (404) 881-1288
luke.andrews@stantonlawllc.com