# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ROBIN RAINA,

     Plaintiff,

v.

EBIX, INC.,

     Defendant.

CIVIL ACTION
FILE NO. 1:25-cv-05033-LMM

## CONSENT PRELIMINARY INJUNCTION

This matter is presently before the Court on Plaintiff Robin Raina's ex parte motion for temporary restraining order ("TRO") and preliminary injunction. Doc. No. [2]. Plaintiff seeks to enjoin Defendant Ebix, Inc., ("Ebix") from publishing intimate visual depictions of Plaintiff and his wife without their consent. The Court granted the ex parte motion for a TRO on Monday, September 8, 2025, and ordered the parties to meet and confer regarding further injunctive relief and to try and reach an agreement, and to file a

certificate of having done so on or before the end of the day on Wednesday, September 10, 2025. Doc. No. [7].

Counsel for the parties met and conferred on September 9 and 10, 2025. During those conferences, counsel for Ebix disputed the underlying facts and merits of Plaintiff's Complaint, denied that Ebix had (or has) knowledge of the existence of any intimate visual depictions of Mr. Raina on any hard drives, and denied that Ebix has disclosed or threatened to disclose any such depictions to third parties. Further, counsel for Ebix made clear that Ebix has no desire or plan to disclose any such depictions to third parties to the extent any such depictions become known to Ebix. Counsel for Plaintiff acknowledged counsel for Ebix's statements, but noted that Plaintiff still desires the protection of injunctive relief until the Court can evaluate the facts and merits of his Complaint.

To avoid unnecessary litigation and expense, and without admitting to any wrongdoing or waiving any claims, rights, or defenses, the parties have been able to reach agreement as to the language of a preliminary injunction.

2

Therefore, with the consent of both parties, and pursuant to Rule 65 of the Federal Rules of Civil Procedure, it is hereby ORDERED that:

1. Until final resolution of this matter or further order from the Court, Defendant Ebix, Inc., through its officers, directors, and attorneys, and all persons acting in concert with them, is enjoined from disclosing (as defined in 15 U.S.C. § 6851(a)(4)) any intimate visual depictions of Mr. Raina or his wife.

2. Until final resolution of this matter or further order from the Court, Plaintiff Robin Raina (including his agents, servants, attorneys, and all persons acting in concert with them) and Defendant Ebix, Inc. (through its officers, directors, and attorneys, and all persons acting in concert them), are enjoined from damaging, altering, or destroying any electronic data belonging to Mr. Raina, if any exists, that any of them has obtained or taken from the property where Mr. Raina stayed while working in India for Ebix, which is

located in Greater Noida, District Gautam Buddha Nagar, Uttar Pradesh (the "Property").

3. Defendant Ebix, Inc. shall promptly cause its law firm or a reputable vendor to mirror and preserve by forensically defensible processes all electronic data belonging to Mr. Raina in its possession, custody or control, if any exists, that was obtained or taken from the Property.[1] Such processes shall, at a minimum, retain and preserve in accessible form all metadata.

This Consent Preliminary Injunction shall remain in effect until final resolution of this action or until further order of this Court. This Order shall cease to be effective unless, within 7 days after entry of this Consent Preliminary Injunction, Plaintiff executes and files with the Court Clerk's Office a security in the amount of One Thousand Dollars ($1000) to pay the costs and damages sustained by Defendant

---

[1] Ebix's consent to this Consent Preliminary Injunction does not signify or imply an admission that it possesses any electronic data alleged in the Complaint.

if the Court finds that Defendant has been wrongfully enjoined or restrained.

SO ORDERED, this  12th  day of September 2025.

Judge Leigh Martin May
Chief United States District Judge

RESPECTFULLY PREPARED AND SUBMITTED BY:

/s/ Joshua F. Alloy
Joshua F. Alloy
*Admitted Pro Hac Vice*
Arnold & Porter Kaye Scholer, LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5895
Joshua.Alloy@arnoldporter.com

Mohamed Al-Hendy
*Admitted Pro Hac Vice*
Arnold & Porter Kaye Scholer, LLP
700 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713-576-2421
Mohamed.Al-Hendy@arnoldporter.com

Jordan A. Fishman
Georgia Bar No. 180796
John Hunt
Georgia Bar No. 378530
STOKES WAGNER, ALC
One Atlantic Center, Suite 2615
1201 West Peachtree Street, N.W.
Atlanta, GA 30309
Telephone: (404) 766-0076
Facsimile: (404) 766-8823
jfishman@stokeswagner.com

*Attorneys for Defendant Ebix, Inc.*

/s/ Lucas W. Andrews
Lucas W. Andrews
Georgia Bar No. 019533
Samantha R. Mandell
Georgia Bar No. 141689
Ashley Futrell Hinkson
Georgia Bar No. 660089
Stanton Law LLC
410 Plaster Avenue NE, Suite 200
Atlanta, Georgia 30324
Telephone: (404) 881-1288
luke.andrews@stantonlawllc.com
samantha.mandell@stantonlawllc.com
ashley.hinkson@stantonlawllc.com

*Attorneys for Plaintiff Robin Raina*