**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ROBIN RAINA,<br><br>Plaintiff,<br><br>v.<br><br>EBIX, INC.,<br><br>Defendant. | CIVIL ACTION<br>FILE NO. 1:25-cv-05033-LMM |

**PLAINTIFF ROBIN RAINA'S REPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

For the reasons stated herein, Plaintiff Robin Raina respectfully requests that Ebix, Inc.'s Motion to Dismiss (the **"Motion"**) (ECF 15) be denied and that the Court grant Mr. Raina all additional relief that the Court deems appropriate.

Mr. Raina has detailed a telephone call between himself and the individual who controls Ebix (Vikas Garg), during which Mr. Garg referred to a "hard drive." Mr. Raina knew that Ebix had taken a hard drive with intimate visual images, and Mr. Garg made clear to Mr. Raina that Mr. Garg was threatening to publish those images, in violation of 15 U.S.C. § 6851.

Ebix's Motion argues that these allegations fail to adequately allege a threat and that, even if they did, the threat does not support a claim. But the arguments fail.

***First***, the Motion is moot because Plaintiff has today filed an Amended Complaint for Injunctive Relief and Damages. *See Sayyed v. Braids, Weaves & Things, Inc.*, 116CV01392CAPWEJ, 2016 WL 10957240, at *1 (N.D. Ga. Aug. 2, 2016) (denying motion to dismiss as moot where plaintiff filed an amended complaint as a matter of right while the motion was pending).[1]

***Second***, Ebix is mistaken to suppose that the Court lacks power to enjoin a defendant from following through on its specific, direct threat to commit a serious and devastating violation of federal law. To the contrary, under general equitable principles, this Court "has broad power to restrain acts . . . whose commission in the ***future*** unless enjoined, ***may fairly be anticipated*** from the defendant's conduct in the past." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 132 (1969) (quotation marks and citation omitted; emphases added). Here, Ebix has committed the actual

---

[1] If Defendant's argument were correct, Mr. Raina could not even have obtained a temporary restraining order or preliminary injunction preventing Ebix from following through on its threat to disclose Mr. Raina's videos. Yet Defendant consented to a preliminary injunction, and the idea that no such protection could be available to Mr. Raina is absurd.

crime of attempted extortion—*see* O.C.G.A. §§ 16-9-16, 1608-16(a)(3), 16-4-1 *and* 18 U.S.C. § 1951— and this Court has broad authority to prevent any further crime from occurring. *See N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 436 (1941) ("It is a salutary principle that when one has been found to have committed acts in violation of a law he may be restrained from committing other related unlawful acts."). Neither Mr. Raina nor the Court is required to sit around waiting for Ebix's next sinister move. *See Chick-Fil-A, Inc. v. CFT Dev., LLC*, 652 F. Supp. 2d 1252, 1263–64 (M.D. Fla. 2009) (holding plaintiff could obtain permanent injunction based on threatened violation of covenants because it was "not required to wait for the actual violation . . . before seeking the aid of the courts."), *aff'd*, 370 Fed. Appx. 55 (11th Cir. 2010).

***Third***, in addition to being mooted by the amended complaint, Ebix's argument that the original complaint failed to allege a claim was meritless to begin with. Mr. Raina has alleged (even testified to) a menacing phone call with references to a hard drive that he and Mr. Garg both know contains sensitive personal images. Mr. Garg made clear to Mr. Raina that Mr. Garg would use the hard drive to harm Mr. Raina's interests unless Mr. Raina complied with Mr. Garg's demands to back off the litigation matters involving Ebix. The fact that Mr. Garg disingenuously avoided referring to specific images—so as to preserve the argument he is making here—makes no

difference. He knew what he was threatening; Mr. Raina drew the inference; and this Court can draw it as well.

In any event, Mr. Raina has now amended his pleadings. Although he did not need to do so, he has added detail addressing Ebix's arguments. Among other things, the amendment points out that Mr. Garg has told people specifically that he possesses intimate visual images of Mr. Raina on a hard drive—thus directly contradicting Ebix's representations to this Court[2] (*see* Motion (ECF 15), p. 2) and confirming that Ebix's intentions here are fraudulent and malicious.

On one thing, the parties agree: this is a very serious matter. (*See* Motion (ECF 15), p. 2). The Amended Complaint for Damages and Injunctive Relief filed today (ECF 17) further demonstrates its gravity. Accordingly, for all the reasons stated above, Ebix's Motion to Dismiss should be denied.

[2] *See* Motion (ECF 15), p. 2 ("Ebix—including [Vikas Garg]—has no knowledge of any alleged intimate depictions of Mr. Raina[.]").

Respectfully submitted, October 13, 2025.

***/s/ <u>Lucas W. Andrews</u>***
Lucas W. Andrews
Georgia Bar No. 019533
Luke.andrews@stantonlawllc.com
Attorney for Plaintiff

STANTON LAW, LLC
410 Plasters Avenue NE
Suite 200
Atlanta, Georgia 30324
Tel. (404) 881-1288

**CERTIFICATE OF SERVICE AND COMPLIANCE**

I, Lucas W. Andrews, hereby certify that on October 13, 2025, I caused a copy of the foregoing RESPONSE to be filed using the Court's ECF system, which will send notice to all counsel of record. In addition, I have caused copies to be sent as a pdf attachment to Ebix, Inc.'s counsel, including the following:

John Hunt
Georgia Bar No. 378530
Jordan Fishman
Georgia Bar No. 180796
Stokes Wagner, ALC
One Atlantic Center, Suite 2615
1201 W. Peachtree Street, NW
Atlanta, GA 30309
Telephone: 404-766-0076
**jhunt@stokeswagner.com**
**jfishman@stokeswagner.com**

Joshua F. Alloy
Arnold & Porter Kaye Scholer, LLP
601 Massachusetts Ave., NW
Washington, D.C. 20001
Telephone: (202) 942-5895
**Joshua.Alloy@arnoldporter.com**
**Mohamed.Al-Hendy@arnoldporter.com**

I further certify that this Notice complies with the page, font, and point-size requirements of Local Rule 5.1, to the extent they apply.

This day, October 13, 2025.

***/s/ Lucas W. Andrews***
LUCAS W. ANDREWS
Georgia Bar No. 019533
Attorney for Plaintiff

Address:

STANTON LAW LLC
410 Plasters Avenue NE
Suite 200
Atlanta, Georgia 30324
Telephone: (404) 881-1288
luke.andrews@stantonlawllc.com