IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBIN RAINA<br><br>     Plaintiff,<br><br>          v.<br><br>EBIX, INC.<br><br>     Defendant. | CIVIL ACTION NO.<br>1:25-cv-05033-LMM |

## EBIX, INC'S MOTION TO DISMISS

COMES NOW Defendant Ebix, Inc. and, pursuant to Fed. R. Civ. P. 12(b)(6), files this Motion to Dismiss the Complaint of Plaintiff Robin Raina for failure to state a claim upon which relief can be granted.

## INTRODUCTION

Robin Raina, the former President and CEO of Ebix, Inc. ("Ebix"), a Georgia-based supplier of software and e-commerce services, initiated this lawsuit on September 5, 2025, alleging that an Ebix director located in India threatened to disclose intimate depictions of Mr. Raina and his wife, in violation of 15 U.S.C. § 6851. Ebix moved to dismiss the complaint on September 29, 2025, primarily on the grounds that 15 U.S.C. § 6851 does not prohibit threatened disclosures and the complaint itself contained no actual factual allegations that there had been any disclosure.

1

On October 13, 2025, in response to Ebix's Motion to Dismiss his claim, Mr. Raina filed a short "response" and amended his complaint, adding three new Georgia law claims to his action against Ebix. Notably, however, Mr. Raina's Amended Complaint fails to address the various fatal deficiencies with his § 6851 claim that Ebix identified in its original Motion to Dismiss, and Ebix is now forced to renew its Motion to Dismiss and address additional spurious claims brought under Georgia law.

Mr. Raina's allegations are false and defamatory. Accusing a company—and its director—of threatening to release intimate images is a very serious matter. Such an action must be backed up by ample and actual facts. Here, it is not. Ebix—including the director wrongly accused of these allegations—has no knowledge of any alleged intimate depictions of Mr. Raina, has not threatened to disclose them, and has no interest in disclosing them even if they exist and are somehow in Ebix's possession.[1] But even if Mr. Raina's allegations were true, his Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed as a matter of law, with prejudice.

Fundamentally, 15 U.S.C. § 6851 applies only to *actual*, *past* disclosures of "intimate visual depictions." It does not apply to threatened violations, or

---

[1] For these reasons, Ebix consented to the entry of a preliminary injunction. *See* ECF No. 12 at 2.

possible future violations, or because someone "suspects" there might have been a violation. But that is precisely the case here. Other than claiming that someone allegedly threatened to make a disclosure—itself not a violation of § 6851—the original Complaint, as well as the Amended Complaint that now supersedes it, contains only threadbare and conclusory allegations that there has been a disclosure, based only on "information and belief." There are no meaningful details: no information on what specifically was disclosed, when it was disclosed, how it was disclosed, where it was disclosed, who disclosed it, or who has seen it. Instead, the allegations merely parrot the elements of § 6851, while adding irrelevant noise about a "threatening call" that provides none of the facts sufficient to give rise to a properly pled § 6851 claim.

Because the Amended Complaint is devoid of factual allegations that would support a grant of relief under § 6851 or meet the notice pleading required under the Federal Rules of Civil Procedure, and because Mr. Raina's Amended Complaint provides no new relevant details or allegations, Mr. Raina's § 6851 claim should be dismissed with prejudice.

Additionally, Mr. Raina's new claims for intentional infliction of emotional distress, conversion, and violations of the Georgia RICO Act are both meritless and fail to state claims upon which relief can be granted. As the Court only has supplemental jurisdiction over these state law claims, and only has original jurisdiction over the § 6851 claim, these state law claims should be

dismissed when the Court dismisses Raina's § 6851 claim. In the alternative, the Court should dismiss each of them for failing to properly state a claim upon which relief can be granted.

## LEGAL STANDARD

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide more than "labels and conclusions," and "threadbare," "formulaic recitation[s] of the elements of a cause of action" are not enough to survive a motion to dismiss. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022); *Iqbal*, 556 U.S. at 678.

Additionally, to be presumed true, allegations founded "upon information and belief" must be supported by specific facts to render them plausible. *McCullough v. Bd. of Regents*, 623 F. App'x 980, 983 (11th Cir. 2015) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 551, 557 (2007)). Therefore, when a plaintiff "only ha[s] allegations based upon information and belief, without any specific facts to support those allegations," their complaint fails to state a claim. *See NCR Corp. v. Pendum, LLC*, 2018 WL 11343391, at *5 (N.D. Ga. Aug. 8, 2018).

## ARGUMENT

I. <u>The Court Should Dismiss Mr. Raina's First Cause of Action Because It Fails to State a Claim Upon Which Relief Can Be Granted</u>

Mr. Raina's primary and core cause of action in this matter is brought under 15 U.S.C. § 6851, which provides that any individual "whose intimate visual depiction is disclosed . . . without the consent of the individual . . . may bring a civil action" against the person who disclosed that depiction. 15 U.S.C. § 6851(b)(1)(A). While Mr. Raina alleges that Ebix *threatened* to disclose intimate visual depictions of him and his wife, the Complaint is devoid of factual allegations that there has been an actual disclosure that would entitle him to relief under § 6851.

To recover damages or obtain other relief under § 6851, a plaintiff must show (1) their intimate visual depiction was "disclosed," (2) in, affecting, or using a means or facility of interstate or foreign commerce, (3) without their consent, and (4) the disclosure was made by a person who knew that or recklessly disregarded whether the plaintiff had not consented to the disclosure. 15 U.S.C. § 6851(b)(1)(A).

Notable here is the requirement that the intimate visual depiction has already been disclosed. *Id.* ("[A]n individual whose intimate visual depiction **is disclosed** . . . may bring a civil action") (emphasis added); *see also id.* § (b)(3) (authorizing federal courts to "order equitable relief, including a temporary

restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to **cease display or disclosure** of the visual depiction.") (emphasis added); *Diaz v. Hernandez*, 2024 WL 5341743, at *3 (S.D. Fla. Oct. 29, 2024) ("The statute prohibits **disclosing** 'intimate visual depiction[s]'") (emphasis added); *Doe v. McCoy*, 2024 WL 843908, at *4 (N.D. Ga. Feb. 28, 2024) (plaintiff must show an intimate visual depiction "was **disclosed**.") (emphasis added). Indeed, Ebix has not identified a *single* case in which a court has found a violation of § 6851 based on a threat to disclose such depictions, and in his "response" to Ebix's first motion to dismiss, Mr. Raina failed to identify any relevant caselaw.

In his Original Complaint, Mr. Raina made no genuine attempt to plead that Ebix or any of its officers, directors, or employees had *actually* released such depictions. He could not. Instead, the Original Complaint contained only a single, conclusory statement:

> Upon information and belief, Ebix . . . has already violated 15 U.S.C. § 6851(b)(1)(A) by disclosing, in or affecting interstate or foreign commerce or using means or facility of interstate or foreign commerce, without Mr. Raina's or his wife's consent, the intimate visual depictions of Mr. Raina and his wife taken from Mr. Raina's hard drive.

Compl. ¶ 20, ECF No. 1. As noted in Ebix's September 29, 2025 Motion to Dismiss, Mr. Raina's mere assertion of a past disclosure, based on his "information and belief" and without any actual details, was insufficient to

sustain his entire cause of action, and highlighted that this case should not have been brought in the first place.

Mr. Raina has made no effort to remedy this critical flaw in the Amended Complaint. Instead, Mr. Raina has done two things. First, he has changed the title of his first cause of action—now no longer styled as a violation of § 6851 but rather (supposedly) just a claim for injunctive relief.[2] But Mr. Raina is still seeking the exact same relief (including damages and costs) that he sought when his cause of action was styled as a violation of § 6851. A mere retitling of the cause of action, without changing any of the underlying allegations or claims for relief, does not magically transform that cause of action into something different.

Second, Mr. Raina has added a single sentence that has nothing to do with any alleged disclosure:

> The Hard Drive was removed from the Residence by persons other than Mr. Garg, who must have subsequently disclosed them to Mr. Garg, thus arming Mr. Garg to deliver the Threatening Call.

Amend. Compl. ¶ 31, ECF No. 17. This added sentence changes nothing. Mr. Raina still fails to plead that Ebix or any of its officers, directors, or employees have *actually* released or disclosed such depictions. And the words of his

---

[2] *Compare* ECF No. 1 at 5 *with* ECF No. 17 at 8.

Amended Complaint still highlight why this case should not have been brought in the first place.

For one, ¶ 31, just like ¶ 20 of Mr. Raina's Original Complaint, is based entirely "[u]pon information and belief," and conspicuously absent from the Amended Complaint are <u>any</u> meaningful supporting factual allegations. The Amended Complaint is arguably even less supported than the Original Complaint was; while Mr. Raina was willing to provide a declaration in support of some facts in his Original Complaint, he provides nothing in support of the facts in his Amended Complaint, which supersedes, rather than builds on, his Original Complaint. *Dresdner Bank AG v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is **abandoned by the amendment**, and is **no longer a part of the pleader's averments** against his adversary.") (citation and internal quotations omitted, emphasis added); *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) ("So when Mr. Hoefling filed the second amended complaint, the first amended complaint (and its attached exhibits) became a **legal nullity**.") (emphasis added).

The Amended Complaint does not indicate what was disclosed (Pictures? Videos? Something else?); when it was disclosed; how or where it was disclosed;

who disclosed it; or who might have seen it.[3] The Amended Complaint does not even provide an explanation for *why* Mr. Raina believes there has already been a disclosure, or any other information that might reasonably lead him to believe this is the case. As a result, ¶ 31 is entitled to no presumption of truth. *Smith v. City of Sumiton*, 578 F. App'x 933, 935 n.4 (11th Cir. 2014); *see also Janco FS3, LLC v. Pitcock*, 2024 WL 5104148, at *7 (N.D. Ga. June 21, 2024) ("[T]o be presumed true, allegations founded upon information and belief must be supported by **specific facts** to render them plausible.") (emphasis added).

Additionally, the relevant sentence of ¶ 31 so closely mirrors the statutory language of 15 U.S.C. § 6851(b)(1)(A) that the two are practically indistinguishable:

| **Amend. Compl. ¶ 31** | **15 U.S.C. § 6851(b)(1)(A)** |
|---|---|
| "Ebix . . . has already violated 15 U.S.C. § 6851(b)(1)(A) by **disclosing, in or affecting interstate or foreign commerce or using means or facility of interstate or foreign commerce, without Mr. Raina's or his wife's consent**, the intimate visual depictions of Mr. Raina and his wife taken from Mr. Raina's hard drive." | "An individual whose intimate visual depiction is **disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual** . . . ." |

---

[3] Note that Mr. Raina's Amended Complaint contains allegations about what was allegedly *threatened to be disclosed* and where such disclosure was threatened. But, perhaps knowing that no disclosure has taken place, Mr. Raina does not plead similar details as to what was *actually disclosed*.

¶ 31 is therefore exactly the kind of "threadbare," "formulaic recitation" of the elements of a cause of action that is insufficient to state a claim for relief. *Iqbal*, 556 U.S. at 678; *Sluss v. Bank of Am., N.A.,* 2025 WL 1512816, at *2 (11th Cir. May 28, 2025) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief). Accordingly, the Amended Complaint does not state a claim for relief under 15 U.S.C. § 6851 and Mr. Raina's claim should be dismissed as a matter of law. Moreover, because Mr. Raina was already put on notice by Ebix's first Motion to Dismiss that his claim was deficient, and failed to provide any new or relevant allegations to his Amended Complaint to address these fatal deficiencies, his claim should be dismissed with prejudice, and Ebix should be awarded all of its costs and reasonable attorneys' fees.

II. Even if Threats Were Covered By § 6851, The Court Should Dismiss Mr. Raina's First Cause of Action Because It *Still* Fails to State a Claim Upon Which Relief Can Be Granted

Even if § 6851 covered threats of disclosure—which it does not—the Amended Complaint still contains insufficient factual allegations to support Mr. Raina's claim.[4]

_____

[4] Mr. Raina's Response in Opposition to Ebix's previous Motion to Dismiss, which addressed very little of what was contained in Ebix's Motion to Dismiss, attempts to put Ebix in conflict with the Court by stating that "Ebix is mistaken to suppose that the Court lacks power to enjoin a defendant from following through on its specific, direct threat to commit a serious and devastating violation of federal law." ECF No. 18 at 2. Ebix makes no such

Mr. Raina's allegations center entirely around a single phone call that he alleges took place between him and an Ebix director.[5] *See* Amend. Compl. ¶¶ 18-24. Not once in the Amended Complaint's description of this call does Mr. Raina allege that the Ebix director mentioned any intimate visual depictions on the call, or *actually* threatened to disclose any such intimate visual depictions. *See id.* (alleging only that a hard drive was mentioned and that a "thinly veiled threat" was made to disclose the images "on the internet").[6]

---

supposition. The Court's authority under Fed. R. Civ. P. 65 does indeed provide it with the ability to issue the relief it has provided thus far in this case, and Ebix has made no argument to the contrary. But neither Rule 65 nor the Court's inherent powers provide the Court with the ability to grant the relief that Mr. Raina is now seeking from the Court, namely permanent injunction relief, actual and liquidated damages, attorneys' fees and litigation costs.

[5] The individual in question is the Executive Director of Eraaya Lifespaces, Ltd., a publicly-traded Indian company that is part of a consortium that now owns Ebix. While he is not the actual manager of Ebix and does not direct the affairs of Ebix, he is one of Ebix's directors, and is located in India.

[6] When Mr. Raina originally brought his claim, the Declaration he attached to his Original Complaint did not contain any information as to what the Ebix director allegedly said about how the hard drive was allegedly going to be "used." Thus, the Original Complaint's allegation that there was a "thinly veiled threat to disclose the images from Mr. Raina's hard drive **on the internet**" was highly questionable. Compl. ¶ 15 (emphasis added). It is even more questionable now that Mr. Raina has effectively withdrawn that Declaration and provided no new declaration to support the Amended Complaint's allegations.

The sworn declaration Mr. Raina attached to his Original Complaint revealed the holes in these allegations.[7] Mr. Raina asserted in his Declaration that the director "referred to the 'hard drive'" on the call (which Mr. Raina **assumes** must be the hard drive containing intimate depictions), and that the director "made clear" that "he would not hesitate to use the hard drive to hurt my interests (**implying** publishing the images)." Decl. of Robin Raina ¶¶ 6-8, ECF No. 1-2 (emphasis added).

But Mr. Raina did not claim in his Declaration that the Ebix director knew the hard drive contained intimate visual depictions (as opposed to emails, or business records that might show Mr. Raina had engaged in fraud or embezzlement, for example). And he did not claim that the Ebix director said *anything* on the call about any intimate images of Mr. Raina or his wife, much less threatened to release them. Rather, the only allegation was that a hard drive was mentioned, and a threat was made to "use" the hard drive to hurt Mr. Raina's interests.   Surely, if the Ebix director had mentioned intimate images on the call (or even just photos, or anything suggesting that

---

[7] Because Mr. Raina's Declaration was attached to his Original Complaint, the Court may have been able to consider it in ruling on Ebix's original Motion to Dismiss. *McWhorter v. Experian Servs. Corp.*, 2025 WL 2604621, at *2-3 (11th Cir. Sep. 9, 2025). Now that it has been superseded, it is a "legal nullity." *Hoefling*, 811 F.3d at 1277. Ebix discusses the Declaration solely to demonstrate the original lack of factual support for Mr. Raina's claim and highlight Mr. Raina's failure to remedy this lack of factual support in his Amended Complaint.

he knew intimate images were on the hard drive), or actually threatened to disclose intimate images (on the internet or otherwise), Mr. Raina would have included this in his Declaration. But a vague threat to "use" a hard drive, particularly where the parties are engaged in litigation in India over financial crimes and misconduct, cannot support Mr. Raina's leap to threatening to disclose intimate images.

Perhaps aware of how little support his sworn Declaration offered his claim, Mr. Raina offers no declaration in support of his Amended Complaint. But the holes remain: there is still no allegation that the Ebix director mentioned any intimate visual depictions on the call, or *actually* threatened to disclose any such intimate visual depictions. Mr. Raina mentions that "[t]he only information on any hard drive that could be used to threaten or intimidate Mr. Raina was the images of Mr. Raina and his wife," Amend. Compl. ¶ 23, but this is categorically false—Eraaya has separately accused, sued, and is involved in litigation with Mr. Raina over his alleged financial crimes and corporate misconduct, and the Ebix director could have been (and likely was) making reference to further evidence of financial misconduct when he spoke to Mr. Raina.[8] But the court need not resolve that factual question, because ¶ 23

---

[8] The legal battles between Eraaya and Mr. Raina over his financial misconduct has been covered in great detail in the press. *See, e.g., New owners of Ebix suspend chairman Robin Raina; kick off investigation into financial irregularities,* THE ECONOMIC TIMES, Sept. 27, 2024,

is merely noise intended to detract from the fact that no threat to disclose images was actually made by the Ebix director.

For these reasons, Mr. Raina's Amended Complaint lacks any factual allegations as to *actual* past disclosure of intimate visual depictions by Ebix (and similarly fails to plead sufficient facts that there has been a credible threatened disclosure), and therefore fails to state a claim to relief under § 6851 that is plausible on its face. *Iqbal*, 556 U.S. at 678. As a result, these claims should be dismissed with prejudice.

III.  <u>Mr. Raina's New State Law Claims Should Be Dismissed For Lack of Jurisdiction or Because They Each Fail to State a Claim Upon Which Relief Can Be Granted.</u>

As Mr. Raina's Amended Complaint indicates, the Court only has jurisdiction over his new state law claims under 28 U.S.C. § 1367, the supplemental jurisdiction statute. Amend. Compl. ¶ 4. That same statute permits the Court to decline supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also*

---

https://economictimes.indiatimes.com/tech/startups/new-owners-of-ebix-suspend-chairman-robin-raina-kick-off-investigation-into-financial-irregularities/articleshow/113747504.cms; *Robin Raina suspended as Ebix chairman after acquisition by Delhi-based company; to face investigation,* ET NOW NEWS, Oct. 1, 2024, https://www.etnownews.com/companies/robin-raina-suspended-as-ebix-chairman-after-acquisition-by-delhi-based-company-to-face-investigation-article-113836302; *Eraaya Lifespaces wins legal battle as Apex court rejects Raina's ownership claim,* BUSINESS LINE, Sept. 2, 2025, https://www.thehindubusinessline.com/companies/eraaya-lifespaces-wins-legal-battle-as-apex-court-rejects-rainas-ownership-claim/article70002779.ece

*Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32 (2025) (noting that district courts "should" dismiss state law claims where the underlying federal claim is dismissed). Here, because Mr. Raina already has ongoing litigation against Ebix in Georgia state court, *Raina v. Ebix, Inc.*, 25CV-010255 (Fulton Cnty. Super. Ct.), there is no reason for this Court to continue to exercise jurisdiction over purely state law claims in the event it dismisses the sole federal claim under § 6851. Nevertheless, Mr. Raina's new state law claims also each fail to state a claim upon which relief can be granted.

### a. Intentional Infliction of Emotional Distress

Under Georgia law, a claim of intentional infliction of emotional distress contains the following elements: (1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe. *Smith-Tyler v. Bank of Am., N.A.*, 992 F. Supp. 2d 1277, 1282 (N.D. Ga. 2014) (internal quotations and citation omitted).

In order to be sufficiently extreme and outrageous, the conduct must "go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* Actionable conduct generally does not include "mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living." *Id.* Whether reasonable

15

persons could find that the conduct reaches this level is a question of law for the court. *See id.; Racette v. Bank of America, N.A.,* 318 Ga. App. 171, 179 (2012) ("Whether a claim rises to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress is a question of law.").

In his Amended Complaint, Mr. Raina pleads that the Ebix director's actions of allegedly threatening to release intimate images of Mr. Raina were "extreme and outrageous." Amend. Compl § 36. As discussed extensively above, the Ebix director made no such threat. But even if he did, the case law establishes that a threat, without significantly more, is not actionable conduct. *Smith-Tyler*, 992 F. Supp. 2d at 1282 (citing *United Parcel Serv. v. Moore*, 238 Ga. App. 376, 377 (1999)); *Discovery Point Franchising, Inc. v. Miller*, 234 Ga. App. 68, 73 (1998); *Moses v. Prudential Ins. Co. of America*, 187 Ga. App. 222, 225 (1988). Rather, extreme and outrageous conduct typically involves patterns and repeated instances of extreme behavior (not just threats) that consistently go beyond all reasonable bounds of decency. *See Lightning v. Roadway Exp., Inc.,* 60 F.3d 1551, 1554-55, 1558 (11th Cir. 1995) (affirming finding that employer conduct was extreme and outrageous because employee endured verbal abuse, assault, and being spat upon by supervisors); *see McGinnis v. Am. Home Mortg. Servicing, Inc.,* 817 F.3d 1241, 1258-1260 (11th Cir. 2016) (affirming finding that conduct was extreme and outrageous based

16

on repeated efforts to punish plaintiff financially, wrongfully foreclosing on a residential property, and frequently harassment by telephone and mail). That pattern is not present here, where Mr. Raina's entire claim is based on a single alleged phone call.

Nothing in Mr. Raina's Amended Complaint supports a finding of "extreme and outrageous" actions by Ebix. Even taking at face value Mr. Raina's allegations that he was expecting a baby, there is no assertion that the Ebix director intended to cause fear, panic, "hallucinations," or any of the harms that Mr. Raina alleges he now suffers from. Nor does Mr. Raina allege that Ebix had any knowledge that he was expecting a child. The bar for an intentional infliction of emotional distress claim is high, and Mr. Raina has not pleaded sufficient facts to meet it. *See Abdul-Malik v. AirTran Airways, Inc.,* 297 Ga. App. 852, 858 (2009) ("[E]motional distress includes all highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that liability arises. The law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it.") (internal citation omitted, alterations in original).

### b. Conversion

To properly plead a claim for conversion under Georgia law, the plaintiff must show "(1) title to the property or the right of possession, (2) actual

possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." *State St. Bank & Tr. Co. v. Canal Ins. Co.*, 2015 WL 11256569, at \*12 (N.D. Ga. Sept. 8, 2015) (citing *Capital Fin. Serv. Grp., Inc. v. Hummel*, 313 Ga. App. 278, 280–81 (2011)). Mr. Raina's conversion claim fails for several separate and distinct reasons.

First, Mr. Raina has not plead that he had title or right of possession to any of the property at the residence in Uttar Pradesh, India that he identifies in his Amended Complaint. Indeed, that residence was owned by Ebix, as were most of the belongings in that residence during the time Mr. Raina resided there.

Second, Mr. Raina has also not plead with any specificity what items he believes have been converted—so Ebix has no notice as to what it is being accused of converting, beyond the hard drive which Mr. Raina alleges contains intimate depictions of him and his wife. And even then, Mr. Raina has not plead that he has title or right of possession to the hard drive in question, which likely was Ebix property.[9]

---

[9] Mr. Raina's own pleadings are contradictory and further undercut any allegation that Ebix is in actual possession of the hard drive. In his Amended Complaint, Mr. Raina specifically pleads that the hard drive was taken by "armed men" and elsewhere pleads that the hard drive was taken by "persons other than [the Ebix director]." Amend. Compl. ¶¶ 11, 31. It is therefore undisputed that Ebix (and its director) did not take the hard drive. Mr. Raina then alleges that the armed men must have "disclosed" (not given) the hard drive to the Ebix director. *Id.* ¶ 31. Thus, Mr. Raina's allegation that *Ebix* is in

Third, Mr. Raina's conversion claim is also fatally flawed because neither the alleged property in question nor the alleged "conversion" has any connection to the State of Georgia. The property itself was allegedly located in a residence in India, was allegedly taken from the residence in India not by Ebix or the Ebix director, but allegedly by "armed men", and presumably is still in India. Under these circumstances, and even if what Mr. Raina alleges is true, there can be no claim for conversion based on Georgia law.

Based on the foregoing, Mr. Raina has not properly plead a claim for conversion in this action, and his claim should be dismissed.[10]

### c.   The Georgia RICO Act

Finally, Mr. Raina (incredibly) alleges that Ebix has engaged in various violations of the Georgia RICO Act. The Georgia RICO Act was passed to impose sanctions on those who apply an "interrelated pattern of criminal activity motivated by or the effect of which is pecuniary gain or economic or

---

possession of the hard drive (as opposed to simply being aware of its existence) is based entirely on Mr. Raina's own imagination and not actual facts or evidence. Indeed, Ebix cannot prove a negative (that it does not have possession of the hard drive), and therefore the burden is on Mr. Raina to establish that Ebix does possess the hard drive—and he must do so based on more than conclusory allegations.

[10] Mr. Raina's allegations that (1) he has demanded the return of any Personal Property and (2) that he has been refused by Ebix are also all incorrect, but the Court need not resolve those factual questions at this stage to dismiss Mr. Raina's claim for conversion.

physical threat or injury." O.C.G.A § 16-14-2(b). In other words, it exists to combat and punish organized crime, not allow Mr. Raina to engage in frivolous and vexatious litigation against his former employer. Nevertheless, the Georgia RICO Act allows individuals who have been injured "through a pattern of racketeering activity or proceeds derived therefrom" to seek relief to state a civil claim if the defendants engage in at least two predicate offenses. O.C.G.A §§ 16-14-4(a), 16-14-6(c), 16-14-3(4)(A).

The Georgia RICO Act provides a long list of qualifying predicate offenses in O.C.G.A § 16-14-3(5). To pursue a Georgia RICO Act claim, the plaintiff must plausibly allege that (1) two predicate offenses occurred, (2) as a result of this conduct, the plaintiff has suffered an injury; and (3) the defendant's violation of the Georgia RICO Act was the proximate cause of plaintiff's injury. *J.C. v. I Shri Khodiyar, LLC*, 624 F. Supp. 3d 1307, 1320-21 (N.D. Ga. 2022) (quotations and citation omitted). Mr. Raina fails to make this showing, and so his Georgia RICO Act claim should be dismissed as a matter of law.

The first predicate offense that Mr. Raina alleges Ebix committed is the theft of Mr. Raina's Personal Property under O.C.G.A § 16-8-2. Amend. Compl. ¶ 55. "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property . . . ." O.C.G.A § 16-

8-2. Mr. Raina has not plead what specific items he believes have been *unlawfully* taken or appropriated—as previously discussed, Mr. Raina makes no assertion of lawful ownership of the Hard Drive, or that Ebix is not the lawful owner. Nor has he plead that Ebix intended to deprive Mr. Raina of property that belongs to him, only that "armed men" did. Amend. Compl. ¶ 11; *see supra* 14 n. 8.

Similar to his conversion claim, Mr. Raina's theft claim also fails because the alleged theft was of property located in India, was allegedly perpetrated by (unknown) "armed men" in India, and had absolutely no connection to the State of Georgia. Mr. Raina has also not established that Ebix can be held liable for the theft, as opposed to the unknown armed men who supposedly stole the property. Based on the foregoing, this predicate offense fails to establish that *Ebix* is liable for theft and should not be considered a qualifying predicate offense by the Court.

The second predicate offense that Mr. Raina alleges Ebix committed is "illegal witness tampering" under O.C.G.A. § 16-10-93.[11] Amend. Compl. ¶ 56. To violate this statute, a person must be found to have communicated a threat of injury or damage to the person, property or employment of a witness or those

---

[11] The word "tampering" does not appear in O.C.G.A. § 16-10-93, which is titled "Influencing witnesses." Nevertheless, Ebix discusses Mr. Raina's allegations as he has plead them.

related or associated with him or her "with intent to deter a witness from testifying freely, fully, and truthfully to any matter pending in any court, in any administrative proceeding, or before a grand jury," or offer some sort of benefit, reward, or consideration with the same purpose. O.C.G.A. § 16-10-93.

Assuming *arguendo* that a threat was made to "publicize the contents of Mr. Raina's Hard Drive," Mr. Raina has not plead that this threat was made to deter a witness from testifying freely, fully, and truthfully in court or another proceeding. Nowhere in the Amended Complaint does Mr. Raina allege that he is a witness in a pending court proceeding, nor does he allege that this threat was made to alter the content of Mr. Raina's testimony in any such proceeding. Accordingly, this predicate offense is also improperly plead and should not be considered a qualifying predicate offense by the Court.

The third predicate offense that Mr. Raina alleges Ebix committed is extortion under 18 U.S.C. § 1951, O.C.G.A. §§ 16-9-16, and 16-4-1. Amend. Compl. ¶¶ 57, 58. Perhaps exemplifying Mr. Raina's "throw darts at a dartboard and see what sticks" approach, he pleads violations of statutes that lack even a plausible connection to this action. Extortion under 18 U.S.C. § 1951 requires the "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right" with the effect of interfering with commerce or the movement of commodities. Mr. Raina fails to allege that Ebix obtained

property from him *with his consent* by wrongful use of actual or threatened force, violence, or fear, or under color of official right, and he does not allege that this was done with the effect of interfering with commerce or the movement of commodities.

Extortion under O.C.G.A. § 16-8-16[12] requires that a person "unlawfully obtain[] property of or from another person by threatening to . . . [d]isseminate any information tending to subject any person to hatred, contempt, or ridicule or to impair his credit or business repute." Similar to his allegations regarding the predicate offense of theft, Mr. Raina has not plead what "property" Ebix allegedly attempted to obtain from him.

Accordingly, this predicate offense is also improperly plead and should not be considered a qualifying predicate offense by the Court.

Because Mr. Raina has failed to properly plead a single predicate offense, and the Georgia RICO Act requires plaintiffs to plead at least two predicate offenses to pursue a claim under it, his Georgia RICO Act should be dismissed for failure to state a claim.

---

[12] Mr. Raina alleges that Ebix committed attempted extortion under "O.C.G.A. §§ 16-9-16 and 16-4-1." Am. Compl. ¶ 57. O.C.G.A. § 16-9-16, however, does not exist. Ebix assumes that Mr. Raina refers to O.C.G.A. § 16-8-16.

## CONCLUSION

Ebix's September 29, 2025 Motion to Dismiss put Mr. Raina on notice that he did not have a cause of action under 15 U.S.C. § 6851. It invited him to provide sufficient facts to support his claim if he had them, or to withdraw his unfounded and defamatory allegations. Mr. Raina did neither; instead, he doubled down on his initial claim (this time with no declaration in support), provided few, if any, of the facts that Ebix identified as necessary for him to properly present a claim for relief, and added three more meritless claims that have accomplished nothing other than wasting the time and resources of Ebix and the Court.

Ebix respectfully requests that the Court dismiss Mr. Raina's 15 U.S.C. § 6851 claim with prejudice, dismiss his remaining state law claims for either failing to state a claim upon which relief can be granted or for lack of subject-matter jurisdiction, and award Ebix its costs and attorneys' fees incurred to date.

Submitted this 27th day of October, 2025.

> */s/ Joshua F. Alloy*
> Joshua F. Alloy
> *Admitted Pro Hac Vice*
> Arnold & Porter Kaye Scholer LLP
> 601 Massachusetts Ave., NW
> Washington, D.C. 20001
> Telephone: (202) 942-5895
> Joshua.Alloy@arnoldporter.com

Mohamed Al-Hendy
*Admitted Pro Hac Vice*
Arnold & Porter Kaye Scholer LLP
700 Louisiana St., Suite 4000
Houston, TX 77002
Telephone: 713-576-2421
Mohamed.Al-Hendy@arnoldporter.com

Jordan A. Fishman
Georgia Bar No. 180796
John Hunt
Georgia Bar No. 378530
STOKES WAGNER, ALC
One Atlantic Center, Suite 2615
1201 West Peachtree Street, N.W.
Atlanta, GA 30309
Telephone: (404) 766-0076
Facsimile: (404) 766-8823
jfishman@stokeswagner.com

*Attorneys for Defendant Ebix, Inc.*

## CERTIFICATE OF SERVICE AND COMPLIANCE

I, Mohamed Al-Hendy, hereby certify that on October 27, 2025, I filed the foregoing MOTION with the Clerk of the Court using the CM/ECF system, which sends electronic notifications to all counsel of record.

I further certify that the foregoing Motion to Dismiss complies with the page, font, and point-size requirements of Local Rule 5.1.

Signed this 27th day of October, 2025.

/s/ Mohamed Al-Hendy
Mohamed Al-Hendy