**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ROBIN RAINA,

**Plaintiff,**

vs.

EBIX, INC.,

**Defendant.**

CIVIL ACTION FILE NO.
1:25-cv-05033-LMM

# STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and in order to protect confidential information obtained by the parties in connection with this case, Plaintiff Robin Raina ("Raina") and Defendant Ebix, Inc. ("Ebix", and together, the "Parties") hereby **STIPULATE** and the Court hereby **ORDERS** as follows:

1. This Stipulated Protective Order shall apply to all information, documents and things produced, provided or disclosed in the course of discovery in this action, including without limitation, testimony adduced at depositions and exhibits thereto, answers to requests for information, documents and things produced (including documents and things produced for inspection and documents and things provided, whether in the form of originals or copies), electronically stored information, information obtained from subpoenas or other third party discovery,

information obtained from inspection of premises or things, disclosures, affidavits and declarations and exhibits thereto, and discovery responses, and any filings with the Court that incorporate any information contained in any of the foregoing (collectively, "Discovery Materials").

2. The protections conferred by this Stipulated Protective Order do not cover any information that is readily available in the public domain or that is not Discovery Material as defined in Paragraph 1 of this Order.

3. This Stipulated Protective Order is binding upon the parties to this action and their respective attorneys, agents, representatives, officers, employees, as well as others as set forth in this Stipulated Protective Order.

**DEFINITIONS**

4. The term "Confidential Information" as used in this Stipulated Protective Order is to include all Discovery Materials containing information that falls within one or more of the following categories: (a) information that reveals trade secrets, (b) other commercial or proprietary information, (c) medical information concerning any individual, (d) personal identity information, (e) any photo or video depicting nudity or sexually explicit material or (f) other information regarding any party reasonably believed to be not in the public domain that the Designating Party believes, in good faith, could cause injury if disclosed outside the protections of this Order, subject to protection under Federal Rule of Civil Procedure

26(c) or under other applicable provisions of federal or state law. The information contained in Confidential Information and all copies, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose Confidential Information shall also be deemed Confidential Information.

5. The term "Producing Party" shall mean the party or third party producing Confidential Information in this action.

6. The term "Designating Party" shall mean the party or third party designating Discovery Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Stipulated Protective Order.

7. The term "Receiving Party" shall mean any person to whom Confidential Information is disclosed pursuant to this Stipulated Protective Order.

8. The term "this action" shall mean the above-captioned matter pending before the United States District Court for the Northern District of Georgia, including any proceedings to appeal, confirm, or enforce the Court's judgment.

9. The term "outside counsel" shall mean the outside counsel of record for the parties to this action and supporting personnel employed in or by the law firms of record, including any attorneys, paralegals, technology specialists, clerical employees, legal translators, legal secretaries, legal clerks, or litigation support personnel.

10. The term "in-house counsel" shall mean attorneys who are employees of a party to this action.

## DESIGNATION OF CONFIDENTIAL INFORMATION

11. There will be two designations which a Designating Party will be able to designate Discovery Materials that is produced or disclosed by that party: "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Any Discovery Materials designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be deemed Protected Material.

12. In designating Discovery Materials as "CONFIDENTIAL," the Designating Party certifies that it believes in good faith that the Discovery Materials contain Confidential Information, as defined in Paragraph 4 of this Stipulated Protective Order.

13. In designating Discovery Materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Designating Party certifies that it believes in good faith that the Discovery Materials contain highly sensitive Confidential Information, which could reasonably result in commercial, financial, or business injury to the Designating Party (other than injury to the Designating Party's position in this action) in the event of disclosure, dissemination, or use by or to any of the persons not enumerated in Paragraphs 21-22 of this Order and which must be

protected from disclosure to such party and/or third parties.

14. Any Producing Party who wishes to designate any information, document or thing as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL - ATTORNEYS’ EYES ONLY” may do so at the time of production or disclosure by marking the words “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” prominently on each page of the document(s) containing the information or, as to things other than documents, by prominently marking the thing, to the extent reasonably possible, with the words “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY.” All Confidential Information not reduced to documentary, tangible or physical form or which cannot be conveniently marked “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

15. Discovery Materials originally designated as “CONFIDENTIAL” or “HIGHLY CONFIDENTIAL – ATTORNEYS’ EYES ONLY” pursuant to this Stipulated Protective Order shall not retain such status after any ruling by the Court denying such status.

16. Any third party producing Discovery Materials in this action may elect to avail themselves of, and agree to be bound by, the terms and conditions of this

Stipulated Protective Order through the execution of the Declaration of Compliance, attached to this Stipulated Protective Order as Appendix A, and thereby become a "Designating Party" or a "Producing Party" within the meaning of those terms as they are used in the context of this Stipulated Protective Order. A third party's use of this Stipulated Protective Order to protect its Confidential Information does not entitle that third party access to the Confidential Information produced by any party in this case.

17. Confidential Information that originated with a third party, subject to the terms of any confidentiality obligation to that third party, may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall, once designated, be subject to the restrictions on disclosure specified in this Stipulated Protective Order.

18. Any party may request that the Designating Party remove or change the designation of any Discovery Materials under this Stipulated Protective Order. Such request must be made in writing and must be served on counsel for the Designating Party within thirty (30) days of receipt of the Discovery Materials. The request shall identify the Discovery Materials that the Receiving Party contends are not confidential or are not properly designated with particularity and specify the reasons supporting its contention.

The parties shall use their best efforts to resolve such disputes promptly and

informally. If the parties are unable to resolve the dispute within ten (10) business days of receipt of the request, or within such other time agreed upon by the parties, then the party challenging the designation may file a motion requesting that the Court remove or change such designation. Unless and until the Court rules on such a motion, the Discovery Materials shall be treated as designated by the Designating Party. The burden shall be on the party asserting the designation to establish that the document in question is entitled to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" protection under this Stipulated Protective Order.

19. Inspection, receipt, or filing under seal by a party of Discovery Materials designated hereunder shall not constitute a concession by that party that the Discovery Materials constitute or contain Confidential Information. Nor shall the designation of any Discovery Materials hereunder be construed as an admission that such Discovery Materials are relevant or material to any issues in this action.

20. ALL CONFIDENTIAL INFORMATION DISCLOSED PURSUANT TO THIS STIPULATED PROTECTIVE ORDER SHALL BE USED BY ANY RECIPIENT THEREOF SOLELY FOR THE PURPOSES OF PROSECUTING, DEFENDING, OR ATTEMPTING TO SETTLE THIS ACTION, AND NOT FOR ANY BUSINESS, COMPETITIVE OR OTHER PURPOSES.

## DISCLOSURE OF DISCOVERY MATERIALS DESIGNATED "CONFIDENTIAL"

21. Absent the express written consent of the Designating Party or further order of the court, except as provided elsewhere in this Order, only the following individuals may have access to Discovery Materials designated as "CONFIDENTIAL":

a. The parties to this litigation and their employees and agents;

b. Outside counsel of record for the parties to this action and supporting personnel employed in or by the law firm(s) of record, including any attorneys, paralegals, technology specialists, clerical employees, legal translators, legal secretaries, legal clerks, or litigation support personnel;

c. Non-party witnesses named or listed for deposition or trial and their counsel during the course of testimony provided that each such witness, deponent, and counsel are informed of the existence of this Order and execute a Declaration of Compliance (Appendix A);

d. Non-party witnesses being prepared for testimony provided that each such witness, is informed of the existence of this Order and executes a Declaration of Compliance (Appendix A);

e. Any outside expert or consultant retained by counsel either as a technical consultant or expert witness for the purposes of this action

who have executed a Declaration of Compliance (Appendix A), and their supporting employees or personnel;

f. Any independent litigation support providers retained by counsel to assist in this action (*e.g.*, outside copy services, outside document hosting services, graphic artists and visual aid providers, and jury consultants, including mock jurors hired by such consultants) who have executed a Declaration of Compliance (Appendix A), and their supporting employees or personnel;

g. The Court, its officers (including the jury), court personnel, court reporters or videographers recording testimony or other proceedings in this action, and any appellate court to which an appeal might be taken or in which review might be sought, and its officers and supporting personnel;

h. Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

i. With respect to specific Discovery Materials, any individual who is shown on the face of the Discovery Materials, or through metadata associated with the Discovery Materials, to have been an author, source, recipient, or custodian of the Discovery Materials.

22. Absent the express written consent of the Designating Party or further

order of the court, except as provided elsewhere in this Order, only the following individuals may have access to Discovery Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

a. Counsel of record for the parties in this suit;

b. Supporting personnel employed in or by the law firm(s) of record, including any attorneys, paralegals, technology specialists, clerical employees, legal translators, legal secretaries, legal clerks, or litigation support personnel;

c. The Court, and persons employed by the Court; and

d. Outside consultants and experts who have been formally retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this action who have executed a Declaration of Compliance (Appendix A), and their supporting employees or personnel.

23. The list of persons to whom Confidential Information may be disclosed may be expanded or modified by written consent of the Designating Party without necessity of modifying this Stipulated Protective Order.

## NOTIFICATION REQUIRED PRIOR TO DISCLOSURE TO EXPERTS

24. Prior to disclosing any Confidential Information to any expert or consultant, as described in Paragraphs 21-22, the following conditions must first be met:

a. Outside counsel seeking to disclose such information shall deliver a copy of this Stipulated Protective Order to the expert or consultant prior to disclosing any Confidential Information.

b. The expert or consultant must execute a Declaration of Compliance (Appendix A).

c. No disclosure of Confidential Information to the expert or consultant shall occur until after counsel receives an executed Declaration of Compliance (Appendix A).

## DEPOSITION TRANSCRIPTS

25. Nothing in this Order shall be construed to prejudice any party's right to use any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during depositions as set forth in Paragraphs 21-22. To the extent any Protected Material or the contents thereof are discussed during a deposition, all such Protected Material shall remain subject to the provisions of this Order.

26. A party may designate testimony at the time it is taken as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". The Designating Party shall instruct the court reporter or stenographer to designate portions of the transcript consistent with the provisions of this Order. A party may, within thirty (30) days after receipt of a deposition transcript, designate in writing to the other party each page and line number(s) of such transcript that contains Confidential Information pursuant to this Order. Each page of the transcript that contains Protected Materials shall be stamped as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and shall be afforded the same protection and treatment as set forth in this Order. In either event, the absence of a court reporter or stenographer's designation on the transcript does not waive the Designating Party's designation.

27. Upon request of counsel, any individuals falling outside the categories identified in Paragraphs 21-22 above shall be excused from the deposition room during portions of any deposition involving testimony regarding Protected Materials.

**NO WAIVER OF PRIVILEGES**

28. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

29. Nothing in this Stipulated Protective Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

30. The Producing Party may provide the Receiving Party with a written notice that requests that the Receiving Party return or destroy Discovery Materials that are subject to a claim of privilege or immunity from production, which notice shall specify the nature of the privilege or immunity claimed in the form of a privilege log. Upon receiving such a written notice and log—unless the Receiving Party disputes the claim of privilege or protection—the Receiving Party must promptly return the requested Discovery Materials to the Producing Party or deliver to the Producing Party a certification that the Discovery Materials were destroyed. This includes all copies, electronic or otherwise, of any such documents. If the Receiving Party disputes the Producing Party's claim that the documents are subject to a claim of privilege or other protection, the Receiving Party may sequester and retain a single set of copies of such documents for the sole purpose of seeking Court determination of the issue in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Notwithstanding this provision, neither the Receiving Party nor its outside counsel of record is required to delete information that may reside on its electronic back-up systems that are over-written in the normal course of business.

## FILING PROTECTED MATERIAL WITH THE COURT

31. Any party intending to file any Protected Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with the Court shall comply with the Local Rules of the United States District Court for the Northern District of Georgia and any applicable standing orders concerning the filing and handling of documents under seal. The parties shall endeavor to confer, if practicable, prior to bringing such a motion in an effort to minimize the number of requests for such filings.

32. Any documents (including briefs), tangible things, or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by compliance with the Court's Procedures for Electronic Filing Under Seal in Civil Cases.

33. For any filings made under seal, the filing party shall prominently mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of the filing containing the Protected Materials. Any filings so marked shall not be disclosed to any person not qualified to see such information under Paragraphs 21-22 of this Stipulated Protective Order.

34. Upon filing under seal any Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" or any information obtained therefrom, the filing party shall immediately serve on all counsel of record a copy of such filing along with a redacted copy of the filing from which all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information has been removed. Such redacted copy shall not be subject to the restrictions of this Stipulated Protective Order.

## USE OF CONFIDENTIAL INFORMATION AT HEARINGS

35. Any party intending to reveal any Protected Material at a hearing or at trial shall take all steps and precautions to assure such information receives the protections afforded under this Stipulated Protective Order or as otherwise provided by the Court. The party intending to reveal such information shall provide reasonable advance notice to the Designating Party. Where Protected Material is used at trial, court appearance, or hearing which is open to the public, it is the burden of the Designating Party to make arrangements with the Court to ensure that its Confidential Information remains confidential.

## DURATION OF ORDER AND OBLIGATIONS ON CONCLUSION OF LITIGATION

36. This Stipulated Protective Order shall remain in force and effect until modified, superseded or terminated by order of the Court, which may be entered pursuant to agreement of the parties hereto. This Stipulated Protective Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Protected Material is disclosed hereunder.

37. The Court shall retain jurisdiction of any disputes or issues concerning the terms, interpretation, amendment of, or enforcement of this Stipulated Protective Order or any Declaration of Compliance, and all persons receiving Protected Material pursuant to this Stipulated Protective Order thereby consent to the jurisdiction of the Court.

38. In the event anyone shall violate or threaten to violate the terms of this Stipulated Protective Order, the aggrieved party immediately may move or apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulated Protective Order, and, in the event that the aggrieved party does so, the responding party, subject to the provisions of this Stipulated Protective Order, shall not employ as a defense to that claim that the aggrieved party possesses an adequate remedy at law. Proceedings for injunctive relief may be brought before this Court. All persons receiving Protected Material pursuant to this Stipulated Protective Order thereby consent to the jurisdiction of the Court for proceedings for injunctive relief related to this Stipulated Protective Order.

39. Within sixty (60) calendar days of the final termination of this action (including all appeals), any Receiving Party shall either return to the Producing Party or securely destroy all originals and copies of Protected Material in its possession. The Receiving Party shall take reasonable steps to ensure that all electronic copies of Protected Material are securely destroyed or returned, but is not required to search

for such information on backup media that are not reasonably accessible to the party. To the extent it is later discovered that Protected Material from such backup media has been restored in the normal course of business, however, such information shall be destroyed as set forth in this paragraph.

40. If the Receiving Party chooses to securely destroy documents, the Receiving Party shall deliver a written certification to the Producing Party and the Designating Party attesting that reasonable efforts have been made to ensure that all such Protected Material and any copies thereof have been securely destroyed in accordance with the terms of this Stipulated Protective Order. A Receiving Party who has disclosed a Producing Party's Protected Material to other parties or persons as permitted by this Stipulated Protective Order is responsible for using reasonable efforts to ensure that such persons return all Materials containing Protected Material to the Producing Party, or to obtain from those parties or person(s) a written certification attesting to the secure destruction of such Protected Material pursuant to this paragraph.

41. Furthermore, outside counsel of record may retain (in paper or electronic format) any Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as well as any documents, databases, pleadings, deposition transcripts, work papers, or other work product that contain or refer to such Materials. Any documents designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" retained by outside counsel are to be maintained for archival purposes only and counsel's obligations of confidentiality continue until the documents are permanently destroyed.

42. Outside counsel of record for the parties or their authorized staff members are hereby authorized to be the persons who may retrieve exhibits and/or other Protected Material filed with the Court upon termination of this action without further order of the Court, and are the persons to whom such exhibits or other Protected Material may be returned by the Court, if they are not so retrieved. No Protected Material or copies thereof so filed shall be released except to outside counsel of record, by order of the Court, or as otherwise provided hereunder.

**MISCELLANEOUS**

43. Nothing herein shall prevent any party or third party from disclosing its own Protected Material in any manner that it considers appropriate. Further, any information that would be considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" according to the provisions of this Order shall not be so considered in the hands of any Party who obtained the information without restriction on its use or disclosure by lawful means other than production by the Producing Party.

44. The recipient of Confidential Information designated as provided for in

this Stipulated Protective Order shall maintain such Discovery Materials in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such Materials. Protected Material shall be held in confidence by each person to whom it is disclosed, and shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. Any counsel responsible under this Stipulated Protective Order to obtain an executed Declaration of Compliance (Appendix A) must maintain copies of all executed Declarations of Compliance.

45. Nothing herein shall be construed to affect in any way the evidentiary admissibility of any Protected Material at any hearing related to this matter.

46. If the Receiving Party learns that Protected Material produced to it is disclosed to any person other than in the manner authorized by this Stipulated Protective Order, the Receiving Party responsible for the disclosure must immediately inform the Designating Party of such disclosure and shall make a good faith effort to retrieve any Protected Material so disclosed and to prevent disclosure by each unauthorized person who received such information.

47. Written notice to a party required under this Stipulated Protective Order may be served via e-mail sent to all outside counsel that have appeared on behalf of the party receiving the written notice.

48. Any of the notice requirements herein may be waived, in whole or in

part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

49. In the event that Protected Material disclosed during the course of this action is sought by any person or entity not a party to this action, whether by subpoena in another action or service with any legal process, the party receiving such subpoena or service shall immediately (a) notify in writing outside counsel for the Designating Party if such subpoena or service demands the production of Protected Material of such Designating Party, and (b) notify in writing the person or entity seeking such Protected Material that the information has been designated by the Producing Party as Confidential Information, and provide that person or entity a copy of this Stipulated Protective Order. It is the Designating Party's burden to intervene if it desires to quash all or portions of the subpoena or request based on confidentiality concerns. Nothing herein shall be construed as requiring anyone covered by this Stipulated Protective Order to contest a subpoena or other process, to appeal any order requiring production of Protected Material covered by this Stipulated Protective Order, or to subject itself to penalties for non-compliance with any legal process or order. If the Designating Party timely seeks appropriate relief from a court of competent jurisdiction, the party served with the subpoena or other service shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or service

was issued, unless the party has obtained the Designating Party's permission.

50. Nothing herein shall prevent any party or non-party from seeking additional or different relief from the Court not specified in this Stipulated Protective Order.

51. Without application to the Court, any Party to this Stipulated Protective Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

52. Nothing herein shall prevent any party or non-party from taking any action or asserting any position required under federal or state law, rule, regulation, agreement, or Executive Order regarding the protection of classified or confidential information, nor shall it require the disclosure of such information in contravention of such authority.

53. Nothing herein shall restrict any party or its attorneys from disclosing or using, in any manner and for any purpose, its own Confidential Information.

54. The section titles in this Stipulated Protective Order are for convenience of organization only, and are not part of, nor are they relevant to, the construction of this Stipulated Protective Order.

55. The parties agree to abide by the terms of this Order as of the date of its filing, pending the entry of this Order by the Court, to the same extent as if this

Order had already been entered by the Court. To the extent any changes are made to this Order when entered by the court, the parties agree to be bound by the terms of the Order as entered once entered.

It is SO ORDERED this 23rd day of November, 2026.

Leigh Martin May
Chief United States District Judge

APPROVED FOR ENTRY this 16th day of November, 2026:

*/s/ Lucas W. Andrews (with consent)*
Lucas W. Andrews
Georgia Bar No. 019533
Finch McCranie, LLP
229 Peachtree Street, NE
Suite 2500
Atlanta, Georgia 30303
Tel. (404) 658-9070
luke@finchmccranie.com

*Attorney for Plaintiff Robin Raina*

*/s/ David W. Long-Daniels*
David W. Long-Daniels
REED SMITH LLP
1020 Spring Street NW, Suite 1100
Atlanta, GA 30309
T: +1 470 947 5800
F: +1 470 947 5799
Dlong-daniels@reedsmith.com
Georgia Bar No. 141916

*Attorneys for Defendant Ebix, Inc.*

**APPENDIX A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ROBIN RAINA,<br><br>**Plaintiff,**<br><br>vs.<br><br>EBIX, INC.,<br><br>**Defendant.** | CIVIL ACTION FILE NO.<br>1:25-cv-05033-LMM |

**DECLARATION OF COMPLIANCE WITH STIPULATED PROTECTIVE ORDER**

I, ______________________________________ do declare and state as follows:

1. I am employed as _________________________(position) by _____________________________________________(name and address of employer).

2. I have read and received a copy of the Stipulated Protective Order in this case. I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order. I consent to the jurisdiction of the United States District Court for the Northern District of Georgia to enforce the terms of the Order and for proceedings for injunctive relief relating to the Order.

3. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

*[Signature on following page]*

______________________________________
(Signature)

Executed this _________ day of ______________, 20____.